**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-13805

Non-Argument Calendar

————————————————

ZENIA CAROLINA ALFARO MIRA,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A209-093-527

————————————————

Before JILL PRYOR, BRANCH, and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner Zenia Carolina Alfaro Mira petitions for review of the Board of Immigration Appeals's ("BIA") order adopting and affirming the Immigration Judge's ("IJ") order denying Alfaro Mira's

application for cancellation of removal.  She argues that the BIA erred in affirming the IJ's conclusion that she had failed to establish that her removal would result in an exceptional and extremely unusual hardship to her minor United States citizen children based on her children's limited Spanish-language abilities, her son's attention deficit hyperactivity disorder ("ADHD"), her financial concerns, and the country conditions in El Salvador.  Having reviewed the record and read the parties' briefs, we deny the petition for review.

## I.

We review the BIA's decision as to issues on which it rendered its own opinion and reasoning and the IJ's decision to the extent that the BIA relied upon it and found the IJ's reasoning was supported by the record.  *Laguna Rivera v. U.S. Att'y Gen.*, 130 F. 4th 915, 919 (11th Cir. 2025).  We lack jurisdiction to review pure findings of fact regarding cancellation of removal under Immigration and Nationality Act ("INA") § 240A(b), 8 U.S.C. § 1229b(b). *Lopez-Martinez v. U.S. Att'y Gen.*, 149 F. 4th 1202, 1210-11 (11th Cir. 2025).  The application of the "exceptional and extremely undue hardship" standard under INA § 240A(b), 8 U.S.C. § 1229b(b)(1)(D) is a "mixed question" of fact and law that we review for substantial evidence.  *Id.* at 1204-05, 1211.

Under the substantial-evidence standard, we view the evidence in the light most favorable to the agency's decision, draw all reasonable inferences in favor of that decision, and affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Adefemi v. Ashcroft*,

386 F. 3d 1022, 1027 (11th Cir. 2004) (en banc) (quotation marks omitted). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.*

## II.

A noncitizen may avoid removal from the United States and adjust her status to that of a lawful permanent resident ("LPR") if she: (1) has continuous physical presence in the United States for ten years; (2) is of good moral character; (3) has not committed one of a number of specified offenses; and (4) shows that her citizen or LPR spouse, parent, or child will suffer "exceptional and extremely unusual" hardship. INA § 240A(b), 8 U.S.C. § 1229b(b)(1). If the noncitizen satisfies all four criteria, the IJ then "decides whether to exercise his discretion favorably and grant the noncitizen relief." *Lopez-Martinez*, 149 F. 4th at 1204 (quotation marks omitted).

When the claim of hardship is based on the health of a qualifying relative, an applicant needs to establish (1) that the relative has a serious medical condition, and (2) if they are accompanying the applicant to the country of removal, that adequate medical care for the claimed condition is not reasonably available in that country. *Id.* at 1211 (citing *Matter of J-J-G-*, 27 I. & N. Dec. 808, 811 (BIA 2020)). This hardship bar is "high," and conditions satisfying it are "substantially beyond that which ordinarily would be expected to result from the alien's deportation." *Id.* at 1212 (holding that the BIA's determination of no hardship was supported by substantial evidence when it concluded that the qualifying child who suffered

from ADHD could access substitute medication and would not be deprived of "all schooling.").

In *Matter of Andazola*, the BIA concluded that an applicant had failed to establish the necessary hardship standard for cancellation of removal. 23 I. & N. Dec. 319, 324 (BIA 2002). The applicant had two healthy, United States citizen minor children, she had no relatives in Mexico, and one of her children had a close relationship with their grandmother. *Id.* at 320. The applicant was not married, but lived with the father of her children, who sometimes contributed to the household. *Id.* The applicant was worried that her children would receive a worse education in Mexico and that she would not be able to obtain employment in Mexico comparable to her job in the United States. *Id.*

In *Matter of Recinas*, the BIA held that an applicant successfully met the necessary hardship standard for cancellation of removal. 23 I. & N. Dec. 467, 473 (BIA 2002). There, the applicant was a single mother of six children, four of whom were United States citizens, without any close relatives in Mexico. *Id.* at 469. The evidence showed that the applicant's children had spent their whole lives in the United States, did not speak Spanish well, and were entirely dependent on the applicant. *Id.* at 470-71. The applicant depended on her mother to watch the children. *Id.* at 471-72. The applicant would have difficulty finding work that would also allow her to provide a supportive home for her children, and the applicant did not have realistic prospects of lawful immigration to

the United States. *Id.* at 470-72. The BIA concluded that "[t]he cumulative factors present in this case are indeed unusual and will not typically be found in most other cases, where respondents have smaller families and relatives who reside in both the United States and their country of origin." *Id.* at 473.

## III.

In the present case, we conclude from the record that the BIA did not err in affirming the IJ's decision because substantial evidence supports the IJ's conclusion that Alfaro Mira's removal to El Salvador would not result in an exceptional and extremely unusual hardship to her children. The record indicates that Alfaro Mira's children are generally in good health, and her son's ADHD has improved. Alfaro Mira did not present any evidence that her son would be unable to receive medical assistance for his ADHD in El Salvador. Although Alfaro Mira expresses concerns about the educational opportunities in El Salvador and the potential violence her family may encounter if they return to El Salvador, these concerns are not sufficient to show an exceptional and extremely unusual hardship. *See Matter of Andazola*, 23 I. & N. Dec. at 322-24.

Moreover, although Alfaro Mira's children are not fluent in Spanish, she expressed confidence in their ability to learn. Alfaro Mira also claims that she may not be able to find work in her current field and may have to change occupations, but she did not present any evidence to support these claims. Further, Alfaro Mira's mother and sister live in El Salvador and can assist her and her chil-

dren in the transition.  We note also that Alfaro Mira's son's biological father resides in the United States and can care for both her son and daughter if they chose not to move to El Salvador with her. In sum, the hardship standard is high, and substantial evidence review is deferential. *Lopez-Martinez*, 149 F. 4th at 1212.  Because the record evidence does not compel only the conclusion that Alfaro Mira's children will suffer "exceptional and extremely unusual hardship" if she is removed to El Salvador, we decline to disturb the BIA's denial of cancellation relief.

Accordingly, based on the aforementioned reasons, we deny Alfaro Mira's petition for review.

**PETITION DENIED.**